IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Karen Boddie,                :

    Plaintiff,          :

 v.                          :        Case No. 2:12-cv-158

                                       :        JUDGE MICHAEL H. WATSON
PNC Bank, NA, et al.,                 Magistrate Judge Kemp

    Defendants.         :

OPINION AND ORDER

This case involves a dispute over plaintiff Karen Boddie's attempt to engage in a specific banking transaction at the Bexley Branch of PNC Bank on July 30, 2011. Believing that she had been prevented from completing the transaction as she requested due to her race and that she was otherwise mistreated by bank employees, Ms. Boddie filed an eleven-count complaint against both PNC Bank and PNC Financial.

On July 26, 2012, both defendants moved for judgment on the pleadings as to ten of the eleven counts of the complaint. The parties subsequently stipulated to the dismissal of PNC Financial as a party, and to the dismissal of some of the remaining counts which had been pleaded against PNC Bank. At the same time they moved for judgment on the pleadings, the defendants moved for a stay of discovery until their motion for judgment on the pleadings is decided. Ms. Boddie opposes such a stay. For the following reasons, no stay of discovery will be ordered.

I.

Defendants advance the typical reasons for staying discovery pending resolutions of a dispositive motion: that if the motion is granted in its entirety, there will be no need for discovery at all (or for much discovery - one count of the complaint is not

addressed by the motion), and that even if the motion is granted only in part, it will clarify the claims on which discovery will be needed and may result in less discovery, with the potential for cost savings to both parties.  Defendants also argued that PNC Financial would be spared the expense of engaging in discovery were the claims against it dismissed, but this argument has been mooted by the stipulated dismissal of that party. Finally, defendants note that some police officers are among the potential deponents in this case, and it would be better for the public to postpone their depositions until it is known whether taking their depositions will even be necessary.  Ms. Boddie, predictably, argues that she is interested in a prompt resolution of her case and that the Court should not delay discovery for however long it may take to resolve the motion for judgment on the pleadings.  The Court notes that the current discovery cutoff date is February 28, 2013, which is a fair distance into the future, but that the first deadline for identifying expert witnesses is only about a month away.

II.

As defendants correctly note, a stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. <u>Chrysler Corp. v. Fedders Corp.</u>. 643 F.2d 1229 (6th Cir. 1981).  In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. <u>Marrese v. American Academy of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983).  When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were

requesting a total freedom from discovery.  Id.

However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion.  As one court has observed,

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.... Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, cf. Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990).  See also Turner Broadcasting System, Inc. v. Tracinda Corp., 175 F.R.D. 554, 556 (D. Nev. 1997) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery....").  Thus, unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a

-3-

stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) or 12(c)) motion.

The occasions when this Magistrate Judge has granted such a stay are few and far between. DiYanni v. Walnut Tp. Bd. of Educ., 2006 WL 2861018 (S.D. Ohio Oct. 4, 2006) is representative of those instances where a stay was denied; as the Court said in that case, in reasoning equally applicable here,

> the motion for judgment on the pleadings does not raise any issues of immunity from suit, nor does it present the type of narrow legal issue (such as the running of the statute of limitations) which is easily evaluated in order to determine whether the motion to dismiss has merit. Without commenting on the merits of the defendants' motion for judgment on the pleadings, the Court notes that legal arguments have been presented both with respect to the viability of the §1983 claim and the state law negligence claim and the Court is not in a position to determine that it is a virtual certainty that the motion will be granted. No other reasons have been advanced to stay discovery. Consequently, as a sound exercise of the Court's discretion, the Court will deny the motion to stay.

Id. at *2. See also Osman v. Mission Essential Personnel, LLC, 2012 WL 1831706 (S.D. Ohio May 18, 2012); Solomon Realty Co. v. Tim Donut U.S. Ltd., Inc., 2009 WL 2485992 (S.D. Ohio Aug. 11, 2009); Lenker v. National Service Industries, Inc., 2006 WL 642560 (S.D. Ohio March 9, 2006). When the Court has ordered a stay, the circumstances generally indicated that some preliminary evaluation had been made of the plaintiff's claims and they had been found wanting, and that any stay would be short. See, e.g., Carter v. Wilkinson, 2009 WL 81217 (S.D. Ohio Jan. 9, 2009)(stay ordered where Magistrate Judge had already issued a report and recommendation on the dispositive motion and recommended dismissal of the claims against 25 defendants); Miller v. Countrywide Home Loans, 2010 WL 2246310 (S.D. Ohio June 4, 2010) (stay ordered where many of the plaintiff's claims had been

decided against him in another court and where the potential for burdensome discovery was great).

Despite the fact that stays of discovery during the pendency of dispositive motions are rarely granted, the Court does consider each such motion on its individual merits. As the Court noted in <u>Heartland Jockey Club Ltd. v. Penn National Gaming, Inc.</u>, 2009 WL 5171829, *4 (S.D. Ohio Dec. 21, 2009),

> This Court takes seriously its obligation to manage discovery and recognizes that there are cases where the plaintiff's claim is so tenuous, and the potential injury to either private or societal interests from unfettered discovery is so great, that the Court must limit or preclude discovery in order to strike the proper balance between the competing interests involved.

That does not, however, appear to be this case. It is true, from a review of the briefing on the motion for judgment on the pleadings, that some of Ms. Boddie's claims appear to be weaker than others, but if any of her significant claims - such as the claim under 42 U.S.C. §1981 - survive, relatively full discovery will occur on such claims.

Defendants have made one additional argument based on the fact that Ms. Boddie has expressed a wish to depose the police officers who were called to the bank on the day in question. However, the mere fact that police officers are among the potential deponents is not a particularly weighty factor in determining whether to stay discovery. That is not to say that police officers' time is not valuable or that they do not occupy a place of importance in society; it is, and they do. But due to the very nature of their profession, police officers often become witnesses in both civil and criminal cases. Further, their depositions can be taken at times which do not interfere with their work schedules or the safety of their respective communities. If scheduling issues do arise with regard to police

officers, they (like any other witnesses) may raise those issues at an appropriate time, and the Court will treat them fairly giving due regard to their status as non-party witnesses who, because they have no stake in the outcome, should be accommodated as much as possible both by counsel (see Fed.R.Civ.P. 45) and by the Court.

III.

For all of these reasons, and in the exercise of its discretion, the Court denies the defendants' motion for a stay of discovery (#21) pending a resolution of the motion for judgment on the pleadings.

IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge