```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Karen Boddie,                    :

       Plaintiff,             :

  v.                             :       Case No. 2:12-cv-158

                               :       JUDGE MICHAEL H. WATSON
PNC Bank, NA, et al.,            :       Magistrate Judge Kemp

       Defendants.            :

## OPINION AND ORDER

This matter is before the Court to consider several discovery motions, including a motion to compel filed by plaintiff Karen Boddie (Doc. #27), a motion to stay discovery filed by defendant PNC Bank, N.A. ("PNC Bank") (Doc. #40), and a motion to quash filed by Ms. Boddie (Doc. #48). For the reasons set forth below, all of these motions will be denied.

### I. Background

This case involves a dispute over plaintiff Karen Boddie's attempt to engage in a specific banking transaction at the Bexley Branch of PNC Bank on July 30, 2011. Believing that she had been prevented from completing the transaction as she requested due to her race and that she was otherwise mistreated by bank employees, Ms. Boddie filed an eleven-count complaint against both PNC Bank and PNC Financial Services Group, Inc. ("PNC Financial").

### II. Discussion

Because a stay of discovery would effectively moot the motion to compel and the motion to quash, the Court addresses the motion to stay first. After doing so, the Court addresses the motion to compel and the motion to quash.

### A. The Motion to Stay

In its motion to stay, PNC Bank moves this Court for an

order staying all discovery pending determination of its motion to dismiss for lack of standing. (Doc. #40 at 1). Ms. Boddie opposes the stay. For the following reasons, no stay of discovery will be ordered.

PNC Bank moved for a stay in this case previously, advancing reasoning similar to that offered in support of its current motion. Specifically, PNC Bank sets forth a typical argument for staying discovery pending resolution of a dispositive motion: that if the motion is granted in its entirety, there will be no need for discovery at all. Hence, PNC Bank asserts that a stay will conserve resources for the Court as well as the parties. As established in the Court's pre-trial order, the current discovery cut-off date is February 28, 2013. (Doc. #10).

As this Court has observed, a stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. See Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir. 1981). In ruling upon a motion for a stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship that would be worked by a denial of discovery. See Marrese v. American Academy of Orthopedic Surgeons, 706 F.2d 1488, 1493 (7th Cir. 1983). Additionally, the Court is required to take into account any societal interests that are implicated by either proceeding or postponing discovery. See id. When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. See id.

The argument that discovery should be stayed pending the resolution of a dispositive motion is typically unpersuasive. See, e.g., Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N. D. Cal. 1990) (stating that if the Federal Rules of Civil Procedure

-2-

had contemplated that a pending dispositive motion would stay discovery, they would contain a provision to that effect). Indeed, this Court has noted that the occasions when it has granted such a stay are few, arising where there are issues of immunity from suit, or a narrow legal issue that is evaluated easily in order to determine whether the dispositive motion has merit.  (Doc. #28 at 4).

Despite the fact that stays of discovery during the pendency of dispositive motions are rarely granted, the Court does consider each such motion on its individual merits.  In <u>Heartland Jockey Club Ltd. v. Penn National Gaming, Inc.</u>, 2009 WL 5171829, at *4 (S.D. Ohio Dec. 21, 2009), this Court noted that it:

> takes seriously its obligation to manage discovery and recognizes that there are cases where the plaintiff's claim is so tenuous, and the potential injury to either private or societal interests from unfettered discovery is so great, that the Court must limit or preclude discovery in order to strike the proper balance between the competing interests involved.

<u>Id.</u>  As the Court found with respect to PNC Bank's prior motion to stay, that does not appear to be the case in the instant matter.

How this lawsuit may impact the pending bankruptcy matter involving Ms. Boddie and whether this litigation will be precluded from proceeding in light of the bankruptcy matter are not issues that are resolved easily in order to determine whether the motion to dismiss for lack of standing will be meritorious. In PNC Bank's own words, "[a]t this point, it is a big unknown how the bankruptcy will impact this litigation." (Doc. #40 at 2).  For these reasons, and in the exercise of its discretion, the Court denies the PNC Bank's motion for a stay of discovery pending a resolution of the motion to dismiss for lack of standing.  (Doc. #40).  Having resolved the motion to stay, the Court next considers Ms. Boddie's motion to compel.

-3-

B. <u>The Motion to Compel</u>

Pursuant to F. R. Civ. P. 37, Ms. Boddie filed a motion to compel requesting that the Court order PNC Bank to comply with Ms. Boddie's request for production of documents.  (Doc. #27). In the motion, Ms. Boddie contends that PNC Bank has failed to comply with the request that it produce:

> 3. Any and all documents describing PNC Bank policy and/or procedure regarding the retention of any video recording of bank premises and/or activity on July 30, 2011 [and]
>
> 4. Any and all documents identifying the custodian(s) of video recording(s) of Bexley premises and/or activity made on July 30, 2011.

(<u>Id.</u> at 2).  Ms. Boddie likewise seeks reasonable expenses, including attorneys fees, incurred in connection with the motion to compel.  (<u>Id.</u> at 1).

PNC Bank filed an opposition to the motion to compel, asserting that it has "appropriately and timely responded to Plaintiff's discovery requests and has produced the relevant, responsive documents requested of it."  (Doc. #32 at 1).  PNC Bank states:

> Plaintiff's apparent frustration arises from (1) difficulty in using the technology required to encrypt PNC Bank's production, which included confidential information as well as Plaintiff's personally identifying information; (2) her request for a production log, which has been resolved; and (3) her baseless belief that PNC Bank must have additional responsive documents it has not produced, which is simply not true at this point.

(<u>Id.</u>)  Because PNC Bank asserts that it has complied fully with discovery, it urges this Court to deny Ms. Boddie's motion. (<u>Id.</u>)

Ms. Boddie filed a reply in support of her motion to compel. (Doc. #35).  In the reply, Ms. Boddie contends that she did not have difficulty with the technology required to encrypt PNC

Bank's production. (Id. at 3). Rather, Ms. Boddie asserts that PNC Bank provided her with a blank CD, which was "not a timely response to [her] discovery request." (Id.) As to the documents that were produced, Ms. Boddie urges that PNC Bank produced them without identifying the discovery request to which the documents were responsive. (Id. at 4). Finally, Ms. Boddie claims that PNC Bank's representations that it continues to search for responsive documents "renders the requirement to respond within a time certain without consequence and the discovery process fruitless." (Id.)

    This Court finds Ms. Boddie's arguments to be without merit. The record reflects that PNC Bank's counsel resolved the problems related to viewing the CD in a timely and professional manner. (Doc. #32 at 3). Indeed, the record reflects PNC Bank's counsel responded to an email about the CD on Saturday, July 14, 2012, the very day that Ms. Boddie's counsel raised the issue. (Id., Brewer Decl. ¶ 5, Ex. 2). The next business day, Monday, July 16, PNC Bank's counsel sent the documents to Ms. Boddie's counsel by email, rather than CD, thereby resolving the issue. (Id., Brewer Decl. ¶ 6, Ex. 3). Thus, PNC Bank's counsel resolved any difficulty arising from the encrypted CD in an expeditious manner.

    As to Ms. Boddie's complaint that PNC Bank's document production was not identified properly, the Court again finds that PNC Bank's counsel responded to Ms. Boddie's request in a timely and appropriate fashion. The record reflects that, on July 17, 2012, Ms. Boddie's counsel requested information identifying which documents were responsive to which document requests. (Id. at 4, Ex. 4). On the same day, PNC Bank's counsel responded that it would produce a log containing the requested information. (Id., Ex. 5). The record reflects that PNC counsel's indeed produced a log containing the requested

-5-

information within three business days. (Id., Brewer Decl. at ¶ 9). PNC Bank claims that it did not provide this information from the outset because the identification "was obvious from both the documents and the requests." (Id.) Whether this approach was justified is not before this Court on the motion to compel. Rather, Ms. Boddie is requesting that the Court order PNC Bank to comply with her request for production of documents. (Doc. #27). Because the Court finds that PNC Bank complied with Ms. Boddie's request for production, the motion is denied.

This outcome remains unchanged despite Ms. Boddie's claims that PNC Bank's continued search for documents is improper. The record reflects that PNC Bank is not delaying its response to Ms. Boddie's requests citing its continuing search for responsive information. To the contrary, PNC Bank has complied and produced all of the responsive documents that it is aware of after its search for the requested information. PNC Bank's continued willingness to search for documents was in response to Ms. Boddie's insistence that PNC Bank's production was insufficient. (See Doc. #32, Ex. 8) (Ms. Boddie's counsel quoting an exchange between Humpty-Dumpty and Alice in Lewis Carroll's "Through the Looking Glass" to convey that PNC Bank's response was inadequate). Consequently, this Court finds no reason to compel PNC Bank's compliance.

Plaintiff has not set forth a valid basis upon which to compel any action by PNC Bank. Because Ms. Boddie has failed to demonstrate any failure on the part of PNC Bank to comply with the discovery requested, the motion to compel is denied. (Doc. #27).

### C. The Motion to Quash

Finally, the Court turns to Ms. Boddie's motion to quash. (Doc. #48). In her motion, Ms. Boddie requests that this Court quash the subpoena duces tecum issued by PNC Bank "to Jeffrey

-6-

Ruple on December 17, 2012 and disgorge an [sic] document received in response to the [s]ubpoena on the grounds that the [s]ubpoena violates this Court's order. . . . " (Id. at 1).

On November 16, 2012, this Court issued an order memorializing a status conference it held two days prior on Ms. Boddie's motion to compel. (Doc. #43). In the order, the Court noted that PNC Bank had moved for a stay of discovery pending resolution of the motion to dismiss for lack of standing. (Id. at 1). Ms. Boddie had not yet responded to the motion to stay. (Id.) Consequently, the Court stated that it could not make a final decision on the stay issue, but it "did stay any active exchange of discovery until the stay motion is briefed." (Id.)

Ms. Boddie asserts that, notwithstanding the Court's order, PNC Bank issued a subpoena duces tecum "to Jeffrey Ruple, an attorney with the law firm of Buckley King, for a settlement agreement to which Plaintiff is a party on December 17, 2012." (Doc. #48 at 2). Ms. Boddie thus contends that the subpoena was issued and served in violation of this Court's order, and it should be quashed. (Id. at 3). Ms. Boddie further claims that PNC Bank failed to comply with the prior notice requirement in F. R. Civ. P. 45(b)(1), which constitutes another ground on which to quash the subpoena. (Id.) Last, Ms. Boddie claims that she is entitled to attorneys fees under F. R. Civ. P. 26(g)(2). (Id.)

In opposition, PNC Bank states that the subpoena at issue did not relate to merits discovery. (Doc. #50 at 1). To the contrary, PNC Bank contends that the subpoena related solely to issues that Ms. Boddie placed before the Court in her opposition to the motion to dismiss for lack of standing. (Id.) In particular, PNC Bank alleges that, in the course of evaluating Ms. Boddie's claim that she inadvertently failed to disclose this litigation to her bankruptcy counsel, it learned that Ms. Boddie had settled a prior litigation captioned Boddie v. B.D. Mongolian

BarBeQue, Franklin County Com. Pl. No. 10 CV 005313 while in bankruptcy and concealed that lawsuit and settlement from the bankruptcy court and trustee. (Id. at 2). PNC Bank states that, for the singular purpose of responding to Ms. Boddie's contention that her failure to disclose was inadvertent, it "subpoenaed counsel for Mongolian BarBeQue in that litigation to review the terms of the settlement agreement." (Id.) PNC Bank claims that the single document it requested is one that Ms. Boddie or her counsel should have already in their possession. (Id.) PNC Bank likewise argues that Ms. Boddie lacks standing to seek to quash the subpoena issued to a non-party, and it complied with the relevant notice provision. (Id. at 3). For these reasons, PNC asks that Ms. Boddie's motion to quash be denied. (Id. at 5).

Ms. Boddie filed a reply brief in support of her motion, reiterating her position that the subpoena violates the Court's order staying discovery. (Doc. #51 at 2). Ms. Boddie also contends that she has standing to challenge the subpoena, which PNC Bank served in violation of the prior notice requirement. (Id. at 4). Finally, Ms. Boddie argues that the discovery sought by the subpoena is not reasonably calculated to lead to admissible evidence. (Id. at 5-6).

The Court finds Ms. Boddie's arguments to be without merit. Even assuming that Ms. Boddie has standing to move to quash the subpoena issued to the non-party, this Court's stay of discovery in the instant case related solely to merits discovery; it was not intended to bar any discovery relevant to the pending motion to dismiss for lack of standing. (Doc. #43). As suggested by PNC Bank, the discovery at issue related only to Ms. Boddie's allegation that her failure to disclose the instant lawsuit was inadvertent. Consequently, the discovery at issue was not based on the merits of this case, and it is relevant to the pending motion to dismiss. As to the notice requirement, the record

reflects that PNC Bank indeed complied with F. R. Civ. P. 45(b)(1), which requires notice to be served on each party before a subpoena that commands the production of documents is served. (See Motley Decl. at ¶ 3-4, Ex. A-B).  Thus, an alleged lack of notice cannot serve as a basis to quash the subpoena.  Finding Ms. Boddie's motion to be without merit, the Court also denies her corresponding request for attorneys fees.

### III. Conclusion

For the reasons set forth above, Ms. Boddie's motion to compel is denied (Doc. #27), PNC Bank's motion to stay discovery is denied (Doc. #40), and Ms. Boddie's motion to quash is denied (Doc. #48).

### IV. Procedure for Seeking Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are  due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

    /s/ Terence P. Kemp
    United States Magistrate Judge